UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-13-2015
```

FRANK BURNETT,

                Petitioner,

   -v-

UNITED STATES OF AMERICA,

                Respondent.

12-cv-7207 (RJS)
11-cr-244-2 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Frank Burnett ("Petitioner") brings this petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"), challenging the sentence imposed by the Court after Petitioner pleaded guilty to engaging in a narcotics conspiracy and distributing and possessing narcotics with the intent to distribute. For the reasons set forth below, the Petition is denied.

## I. BACKGROUND[1]

On March 16, 2011, a grand jury returned a four-count Indictment charging Petitioner with: (1) engaging in a narcotics conspiracy in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; (2) distributing and possessing with the intent to distribute narcotics in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B); (3) possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1); and (4) using, carrying, and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* 11-cr-244, Doc. No.

---

[1] Unless otherwise indicated, citations to docketed items refer to those materials that appear on ECF in *Burnett v. United States*, No. 12-cv-7207 (RJS) (S.D.N.Y.). However, the Court also cites to materials that appear on ECF in Petitioner's underlying criminal case, *United States v. Burnett*, No. 11-cr-244 (RJS) (S.D.N.Y.), including the Superseding Information (11-cr-244, Doc. No. 28 ("Info.")), the transcript of Petitioner's change of plea hearing (11-cr-244, Doc. No. 29 ("Plea Tr.")), and the transcript of Petitioner's sentencing hearing (11-cr-244, Doc. No. 50 ("Sent. Tr.")). The Court has also considered Petitioner's memorandum of law in support of the Petition (Doc. No. 2 ("Pet.")), the government's memorandum of law in opposition (Doc. No. 13 ("Opp'n")), Petitioner's reply brief (Doc. No. 14 ("Reply")), and the plea agreement between Petitioner and the government (Opp'n. Ex. A ("Plea Agrt.")).

12.)  On November 16, 2011, Petitioner waived indictment (11-cr-244, Doc. No. 27) and consented to the filing of a two-count Superseding Information that charged him with:  (1) engaging in a narcotics conspiracy in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 (Count One), and (2) distributing and possessing with the intent to distribute narcotics in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) (Count Two) (*see* Info. ¶¶ 1–5).

On that same day, Petitioner pleaded guilty to Counts One and Two of the Superseding Information pursuant to the Plea Agreement.  (Plea Tr. at 39:4–23.)  The Plea Agreement set forth a stipulated advisory sentencing range of 135 to 168 months' imprisonment pursuant to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and noted that Petitioner was subject to a statutory mandatory minimum term of imprisonment of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A).  (Plea Agrt. at 4.)  The parties also agreed not to seek any departures from the stipulated Guidelines range set forth in the Plea Agreement.  (*Id.*)  Finally, the Plea Agreement contained an appellate and collateral attack waiver, whereby Petitioner agreed that he would neither directly appeal nor challenge under 28 U.S.C. § 2255 or § 2241 any sentence within or below the proposed Guidelines range.  (*Id.* at 5.)

At the change-of-plea hearing, Petitioner was placed under oath, and the Court inquired into and was satisfied as to Petitioner's competence to plead guilty.  (Plea Tr. at 4:1–5:8.)  The Court asked whether Petitioner had sufficient time to discuss the plea agreement with his attorneys (*id.* at 31:7–9), explained the charges in the Superseding Information and confirmed that Petitioner understood each charge (*id.* at 17:23–18:22), reviewed the maximum penalties for the offenses to which Petitioner was pleading guilty (*id.* at 20:23–22:11), and confirmed Petitioner's understanding that he was waiving his right to appeal or otherwise challenge any sentence imposed by the Court that was less than 168 months' imprisonment (*id.* at 32:21–33:4).  At the conclusion of the proceeding, the Court determined that Petitioner understood his rights and knowingly

waived them, and that his guilty plea was entered knowingly and voluntarily, and was supported by an independent basis in fact for each of the elements of the offenses charged in Counts One and Two of the Superseding Information. (*Id.* at 39:16–23). Consequently, the Court accepted Petitioner's guilty plea and scheduled sentencing. (*Id.* at 39:16–23, 40:9–10.) Thereafter, on May 9, 2012, the Court sentenced Petitioner to a term of imprisonment of 144 months, to be followed by a term of supervised release of five years. (11-cr-244, Doc. No. 47.)

On September 20, 2012, Petitioner filed the instant Petition (Doc. Nos. 1–4), which was fully briefed on February 1, 2013 (Doc. No. 14). There, Petitioner asserts that his attorney provided ineffective assistance, which led Petitioner to plead guilty rather than proceed to trial.[2] Specifically, Petitioner contends that his counsel: (1) failed to file a motion to suppress evidence obtained from a search of Petitioner's apartment (Pet. at 9); (2) failed to file a motion to dismiss the Indictment under the Speedy Trial Act (*id.* at 9–10); (3) failed to "object to the Court's failure to serve notice of intent to depart" from the applicable Guidelines range (*id.* at 10 (citing Fed. R. Crim. P. 32(h)); (4) inappropriately induced Petitioner to plead guilty by advising Petitioner that his weapons-related conduct would not impact any sentence that the Court might impose (*id.*); and (5) failed to contact Petitioner regarding his appeal rights following his sentencing (*id.*). The Court will address each contention in turn.

## II. LEGAL STANDARD

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

---

[2] In the Petition, Petitioner does not expressly state that but for counsel's allegedly deficient advice he would have proceeded to trial; however, in his reply brief, he does contend that he would have elected to stand trial. (*See, e.g.*, Reply at 3.)

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255(a).  Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (citation and internal quotation marks omitted).  "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (citation and internal quotation marks omitted).  A claim of ineffective assistance of counsel, however, is one permissible basis for bringing a § 2255 petition.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to the assistance of counsel.  U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.").  When challenging the effectiveness of counsel's assistance, a party must demonstrate that (1) counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms," and (2) this "deficient performance prejudiced the defense" in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).  A court must reject a movant's ineffective assistance of counsel claim if it fails to meet either prong.  *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (citing *Strickland*, 466 U.S. at 687, 690, 694 and *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011)).

With respect to *Strickland*'s first prong, when assessing counsel's performance, a court "must judge [counsel's] conduct on the basis of the facts of the particular case, 'viewed as of the

time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 690–91). Overall, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

With respect to the second prong under *Strickland*, in most contexts, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gonzalez*, 722 F.3d at 130 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In two recent decisions, the Supreme Court refined what prejudice a habeas petitioner must show under *Strickland* when challenging the effectiveness of counsel during the plea bargaining process. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012) (noting that "the right to adequate assistance of counsel cannot be defined or enforced without taking account of the central role plea bargaining plays in securing convictions and determining sentences."); *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). Specifically, in *Frye*, the Supreme Court reaffirmed *Hill*'s holding "that where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial," the defendant must show a reasonable probability that he would have insisted on going to trial. 132 S. Ct. at 1409.

### III. DISCUSSION

The Court will first address the issue of whether Petitioner's waiver of his right to collaterally attack his sentence, which was memorialized in the Plea Agreement and at the change-

of-plea hearing, bars this § 2255 petition. Although the Plea Agreement expressly provides that Petitioner may not appeal or otherwise challenge any sentence of 168 months or less, Petitioner suggests, albeit obliquely, that he only waived his right to file a § 2255 petition in reliance on his attorney's ineffective assistance and, as a result, his waiver should not be enforced.

A waiver of the right to appeal a sentence within an agreed upon guideline range is presumptively valid and enforceable. *See, e.g.*, *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010); *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009). Thus, "[w]here the record clearly demonstrates that the defendant's waiver . . . was knowing and voluntary, that waiver is enforceable." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004) (citations omitted); *see also United States v. Roque*, 421 F.3d 118, 121–24 (2d Cir. 2005). However, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195–96 (2d Cir. 2002) (citation omitted). A court may therefore set aside a waiver where the "defendant is challenging the constitutionality of the process by which he waived those rights," *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam), including when "the defendant claims that the plea agreement was entered into without effective assistance of counsel," *id.* at 113–14 (collecting cases).

Here, the Court remains satisfied with Petitioner's competence to plead guilty at the November 16, 2011 hearing, a finding buttressed by the Court's detailed colloquy with Petitioner concerning the consequences of the appellate waiver with respect to his ability to challenge any sentence that was equal to or less than the high end of the stipulated Guidelines range, 168 months. Therefore, the Court finds that the Plea Agreement's waiver provision plainly bars Petitioner from challenging his sentence because of counsel's alleged failure to: (1) file a motion to dismiss under the Speedy Trial Act; or (2) "object to the Court's failure to serve notice of intent to depart" from

6

the applicable Guidelines range (Pet. at 10 (citing Fed. R. Crim. P. 32(h)).  Here, neither of those claims is even remotely connected to counsel's advice concerning Petitioner's decision to plead guilty.  Moreover, objection by counsel on either point would have been meritless.  Time had not sufficiently accrued to trigger a Speedy Trial violation.  Additionally, the Court advised Petitioner at length of its discretion, ultimately unexercised, to sentence below or above the guidelines range. (*See* Plea Tr. 24:25–25:2 ("The only restriction on me really is the mandatory minimum sentence that the law requires."); 25:13–14 ("I'm also free to sentence you above the guidelines all the way up to life."); 29:14–16 ("[A]s I said, I'm ultimately not required to follow the guidelines range.  I can go higher, I can go lower.").)  Petitioner stated that he understood the sentencing determination process and the relevant factors as the Court described them.  (Plea Tr. 29:20–22.)  In light of these clear statements, counsel committed no error in failing to object, and Petitioner was not prejudiced by his counsel's inaction.

As for Petitioner's claim that counsel inappropriately induced Petitioner to plead guilty by advising Petitioner that his weapons-related conduct would not impact any sentence that the Court might impose (Pet. at 10), that argument has also been waived.  Petitioner argues that his attorney "induced [P]etitioner into a guilty plea [by] stating that non[e] of the weapon conduct in the indictment would be used in any way against [P]etitioner[;] however at sentenc[ing,] [P]etitioner's sentence was enhanced based on the weapon conduct alleged in the dismissed indictment."  (Pet. at 10.)  The "weapon conduct" identified by Petitioner appears to refer to the conduct related to Count Four of the Indictment, which charged Petitioner with using, carrying, and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (*See* 12-cr-244, Doc. No. 12.)  But both the Plea Agreement itself and comments from the Court advised Petitioner that weapons conduct *would* factor into his sentence.  The Petition conveniently elides the fact that although the Plea Agreement called for dismissal of the

924(c) charge, which carried a five-year mandatory consecutive sentence (*see* Plea Agrt. at 2), the parties stipulated in the Plea Agreement that a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was appropriate because "a dangerous weapon was possessed by the defendant" (*id*. at 3). The Court inquired of Petitioner at the time of his guilty plea whether he had reviewed the Plea Agreement and understood that the stipulated Guidelines range was 135 to 168 months' imprisonment; Petitioner answered both lines of questioning in the affirmative. (*See* Plea Tr. at 30:14–31:9, 32:5–17.) Moreover, the Court specifically noted that it would consider "whether guns were involved," among other facts and circumstances, when imposing sentence. (Plea Tr. 28:11.) Therefore, the Court finds that Petitioner was aware of the fact, at the time of his guilty plea, that the two-level weapons enhancement had been considered in calculating the Guidelines range, and consequently, Petitioner was on notice that his weapons-related conduct was going to be considered by the Court in connection with sentencing.

With respect to counsel's alleged failure to file a motion to suppress the evidence obtained from a search of Petitioner's apartment, Petitioner suggests that counsel erred in "advising [P]etitioner to enter into a [g]uilty plea without advising that the seizure of the key was challengeable under the Fourth Amendment." (Pet. at 9.) According to Petitioner, the arresting officers' use of a key to Petitioner's apartment that they "took . . . from [P]etitioner's pocket [was a] violation of the Fourth [A]mendment of the United S[t]ates Constitution." (*Id.*) By Petitioner's own admission, however, officers confiscated his key during his arrest. (Pet. at 10.) Under these circumstances, the law is clear that the officers could have properly searched Petitioner's pocket and discovered his key. *See United States v. Bailey*, 743 F.3d 322, 339 (2d Cir. 2014) (noting that officers could take possession of keys in a search incident to arrest as evidence linking an individual to the site of criminal activity). Moreover, Petitioner could not have contested his key's subsequent use. As the Government points out, the agents who executed the search of Petitioner's

apartment "applied for and obtained a search warrant for the defendant's apartment" (Opp'n at 10). Officers may "break the door" where necessary to effectively and efficiently execute a lawful search, *Leon v. City of New York*, No. 09-cv-8609(WHP), 2010 WL 2927440, at *4 (S.D.N.Y. July 1, 2010); they may also enter with Petitioner's key.[3] Without substantial grounds for suppression, Petitioner cannot meet either prong of the *Strickland* standard.

As for Petitioner's remaining claim that his attorney offered ineffective assistance of counsel by failing to consult with Petitioner regarding his right of appeal, that too must fail. Petitioner specifically alleges that counsel promised to discuss his appeal right "later" but did not follow-up. The Second Circuit has stated that in order to succeed on an ineffective assistance of appellate counsel claim, a habeas petitioner "must show that (a) counsel knew or should have known of a nonfrivolous ground for appeal (and thus had a duty to consult), (b) counsel breached this duty by failing to consult, and (c) counsel's breach prejudiced the petitioner. *Galviz Zapata v. United States*, 431 F.3d 395, 397 (2d Cir. 2005). But Petitioner had waived his appellate rights and, as set out above, presents no meritorious argument to defeat that waiver. Even now Petitioner cannot identify any nonfrivolous ground for appeal that would have triggered counsel's duty to consult. Thus, the Court finds that counsel's alleged failure to consult with Petitioner concerning appellate issues did not prejudice Petitioner's appeal and does not constitute ineffective assistance of counsel.

Having reviewed the plea transcript and the Petition, the Court finds that Petitioner has alleged nothing about counsel's conduct that fell below an objective standard of reasonableness as required by *Strickland*. Moreover, the Court finds that Petitioner has not demonstrated that he was

---

[3] Petitioner's filing vaguely suggests that officers searched his apartment and used evidence uncovered in that search to obtain a warrant. The Court cannot credit these speculative assertions with no apparent basis in the record. Moreover, any challenge to the warrant's validity has been waived. The Court clearly informed Petitioner that he could "object to the government's evidence" if he elected to go to trial (Plea Tr. 13:19–22), and Petitioner nonetheless opted to enter a plea and forfeit that right (*id.* 15:21–15; 16:1–9).

prejudiced by any of counsel's alleged deficiencies, since the Court specifically apprised Petitioner of his various rights and explained the consequences of pleading guilty with respect to those rights. As a result, Petitioner has failed to show "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gonzalez*, 722 F.3d at 130 (quoting *Hill*, 474 U.S. at 59).

## IV. CONCLUSION

For the foregoing reasons, Petitioner has failed to establish his entitlement to habeas relief pursuant to 28 U.S.C. § 2255. Accordingly, IT IS HEREBY ORDERED THAT the Petition is denied. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of the Court is respectfully directed to terminate the motion pending in 11-cr-244 (RJS) and, in 12-cv-7207 (RJS), enter judgment in favor of Respondent and close this case.

SO ORDERED.

Dated:     February 13, 2015
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Opinion and Order was mailed to:

Frank Burnett
90651-054
F.P.C. Canaan
P.O. Box 200
Waymart, PA 18472